## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS CADWELL, | Civil No. 06-1681 (DSD/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAKOTA COUNTY LAW ENFORCEMENT, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995, ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

In this case, Plaintiff appears to be claiming that he has been wrongfully charged with a state drug law violation. He alleges that on February 20, (presumably of 2006), he was taken into custody at the County Jail in Dakota County, Minnesota. At that time, someone – identified only as "a jailer" – inspected his coat and purportedly found a "small bag with resado [sic] on it." Plaintiff contends that he did not see the bag, and knows nothing about it. As far as the Court can tell, Plaintiff is claiming that the bag allegedly seized by the unidentified jailer is now being used as evidence against him in a pending state criminal prosecution for "5th° controlled sub," (i.e., a fifth degree controlled substance violation).

Plaintiff describes the relief he is seeking in this case as follows: "The case dismissed + removed from statutes." This presumably means that he wants the federal district court to dismiss the pending charges in the state criminal action that allegedly has been brought against him.

The Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted for several reasons.

First, the complaint does not adequately describe either the factual or legal grounds on which Plaintiff's lawsuit is based. While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named Defendant pursuant to some cognizable legal theory. <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Plaintiff's present complaint does not identify any legal basis for his claims, and he has not alleged sufficient facts to support an actionable claim based on any legal theory.

Furthermore, Plaintiff is attempting to sue only "Dakota County Law Enforcement," which appears to be merely a general description of some unidentified individuals employed by Dakota County. "Dakota County Law Enforcement" does not appear to be a cognizable legal entity that can be sued as such. See Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"). For this additional reason, the Court finds that Plaintiff's complaint fails to state an actionable claim for relief.

Finally, it clearly appears that Plaintiff is challenging the propriety of a pending state criminal action that has been brought against him. Such claims, however, are barred by the principles discussed in Heck v. Humphrey, 512 U.S. 477 (1994), and Younger v. Harris, 401 U.S. 37, 43 (1971). In those cases, the Supreme Court has clearly indicated that federal courts cannot entertain civil actions in which the plaintiff is seeking relief that would tend to undermine the autonomy and validity of a state criminal proceeding. Simply put, Plaintiff cannot ask a federal court to dismiss a pending state criminal case.

For all of the reasons discussed above, the Court finds that Plaintiff has failed to state a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be

denied; and

    2. This action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 9, 2006

                                            s/ Arthur J. Boylan
                                            ARTHUR J. BOYLAN
                                            United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before May 23, 2006.